**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000546
10-MAY-2017
08:10 AM**

NO. CAAP-16-0000546

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant, v.
JAMES A. GARCIA, Defendant-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 15-1-0400)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, and Fujise and Reifurth, JJ.)

Plaintiff-Appellant State of Hawai'i (State) charged Defendant-Appellee James A. Garcia (Garcia) with two counts of second-degree burglary, in violation of Hawaii Revised Statutes (HRS) § 708-811 (2014).[1]  Garcia's burglary charges were based

---

[1] HRS § 708-811 provides, in relevant part:

> (1) A person commits the offense of burglary in the second degree if the person intentionally enters or remains unlawfully in a building with intent to commit therein a crime against a person or against property rights.

HRS § 708-800 (2014), in turn, defines the phrase "enter or remain unlawfully," in relevant part, as follows:

> "Enter or remain unlawfully" means to enter or remain in or upon premises when the person is not licensed, invited, or otherwise privileged to do so. A person who, regardless of the person's intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless the person defies a lawful order not to enter or remain, personally communicated to the person by the owner of the premises or some other authorized person.

on his violation of a trespass warning previously issued by Seven-Eleven Hawaii, Inc. pursuant to HRS § 708-814(1)(b) (2014).

The State appeals from the "Order Granting Motion to Dismiss Felony Information for Lack of Probable Cause as a Matter of Law" (Dismissal Order) entered by the Circuit Court of the First Circuit (Circuit Court)[2] on June 30, 2016.

The relevant circumstances of this case are indistinguishable from those in the Hawai'i Supreme Court's recent decision in State v. King, 139 Hawai'i 249, 386 P.3d 886 (2016). In King, the supreme court held that the violation of a trespass warning "issued pursuant to HRS § 708-814(1)(b) is not a 'defi[ance] of a lawful order' under HRS § 708-800," and therefore, the violation of a trespass warning "cannot be made a vehicle for a second-degree burglary charge under HRS § 708-811." King, 139 Hawai'i at 257, 386 P.3d at 894 (brackets in original). Based on King, we affirm the Dismissal Order.

DATED: Honolulu, Hawai'i, May 10, 2017.

On the briefs:

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellant.

William Li
for Defendant-Appellee.

*Craig H. Nakamura*

Chief Judge

*Alexa D.M. Fujise*

Associate Judge

*Lawrence M. Reifurth*

Associate Judge

---

[2] The Honorable Karen S.S. Ahn presided.

2